Petition of **CIRCLE LINE SIGHTSEEING YACHTS, INC.,** as Owner of the **MOTOR VESSEL SIGHTSEER VIII,** in a cause of exoneration from and limitation of liability for damages arising out of a collision in the Harlem River on September 6, 1956, between said vessel and The Madison Avenue Bridge.

United States District Court
S. D. New York.
June 18, 1962.

Daniel H. Greenberg, New York City, Special Commissioner, pro se.

Pyne, Smith & Wilson, New York City, for petitioner.

Leo A. Larkin, Corporation Counsel, for City of New York.

DIMOCK, District Judge.

This is a motion by the special commissioner appointed by me. He moves to vacate a notice of the taking of his deposition and a subpoena duces tecum served upon him in connection therewith. The notice was issued by the petitioner herein and by the City of New York who have been adjudged liable for the damages for personal injuries caused by a collision between petitioner's vessel and a bridge maintained by the City of New York. The stated purpose of the examination is to obtain facts and circumstances bearing upon the fairness and reasonableness of the fee which the special commissioner is asking for his services in fixing the amount of damages suffered.

The parties out of whose pockets the special commissioner's compensation will be paid are certainly entitled to be heard on the question of its amount. For use at such a hearing they are entitled to evidence. On the other hand the special commissioner occupies a judicial position and should be treated like a judge. If a special commissioner must contemplate harassment by a disappointed litigant he will find it difficult to decide the controversy uninfluenced by that possibility. Even if, therefore, a court has power to direct that a special commissioner submit to examination on the subject of the work for which he seeks compensation, that power should be sparingly exercised.

Another consideration which militates against inquisition of a judicial officer is the policy against attack upon judicial decisions by proof that the judge arrived at the result by some unexpressed but erroneous course of reasoning. It is true that no such attack is threatened here but the examination of the special commissioner would tend to uncover information which is in a sense privileged.

Nothing advanced by those seeking the examination leads me to feel that this case is so exceptional as to justify the extraordinary course which the petitioner and the City of New York have adopted.

The motion is granted and the notice and subpoena set aside.